**KENTUCKY BAR ASSOCIATION,**
Complainant,

v.

**Stephen P. BASINGER, Respondent.**

No. 2001–SC–0191–KB,
2001–SC–0484–KB.

Supreme Court of Kentucky.

Sept. 20, 2001.

### OPINION AND ORDER

Respondent, Stephen P. Basinger, whose last known address was 800 Alexandria Pike, Suite 2, Ft. Thomas, Kentucky 41075, was admitted to the practice of law in the Commonwealth of Kentucky on May 1, 1991. The instant action consolidates for consideration two separate complaints against Basinger—KBA Files 7615 and 7646.

### KBA File 7615

On May 15, 2000, the Inquiry Commission issued a two-count charge against Basinger in connection with his representation of a Mr. and Mrs. Stone in a case involving a faulty home furnace. The KBA filed charges against Basinger on

May 15, 2000. Basinger did not answer the charges. Consequently, on August 25, 2000, the case was submitted to the Kentucky Board of Governors (Board) by order of the Inquiry Commission pursuant to SCR 3.210(1) for consideration in its September 22, 2000 meeting. Basinger submitted an answer denying all charges on September 22, 2000. Pursuant to SCR 3.210(3), the Board returned the case to the disciplinary clerk to appoint a trial commissioner. We appointed a trial commissioner on October 19, 2000.

Thereafter, the appointed trial commissioner entered an order requiring each party to submit a list of witnesses for the hearing. Basinger did not comply with this order. The trial commissioner held a pre-hearing conference on November 21, 2000. At this conference the trial commissioner issued an order requiring the parties to file pre-trial briefs. Again, Basinger did not comply with this order. The hearing was held as scheduled on January 25, 2001. Basinger did not attend this hearing. A continuance was granted and the record was left open to give Basinger an opportunity to respond to the charges. A supplemental hearing was held March 26, 2001. Basinger did not attend this hearing and the record was closed on March 30, 2001. Neither party filed a notice of review of the trial commissioner's decision within the thirty-day limit established by SCR 3.360(4). Therefore, we adopt the decision of the trial commissioner pursuant to SCR 3.370(10).

The trial commissioner found that: (1) an attorney-client relationship existed between Basinger and the Stones; (2) the Stones did not have a clear understanding of the type of fee that Basinger was to receive, *viz.*, whether he was to be paid hourly or on a contingency basis; (3) that Basinger failed to promptly return the Stones' telephone calls; and (4) that Ba-

singer failed to inform the Stones that he had filed a lawsuit on their behalf in the Madison Circuit Court. Based on these facts, the trial commissioner concluded that Basinger violated SCR 3.130–1.5(b) by failing to communicate to the Stones the nature of his fee. The trial commissioner further concluded that Basinger violated SCR 3.130–1.4(a) by failing to return the Stones' phone calls and to inform them of the lawsuit filed on their behalf.

The trial commissioner recommended that Basinger be suspended from the practice of law for sixty days. Neither party filed a notice of review of the trial commissioner's report within the thirty-day limit established by SCR 3.370(10). Pursuant to SCR 3.370(10), we hereby adopt the trial commissioner's report and recommendation.

## KBA File 7646

On September 14, 2000, the Inquiry Commission issued a multi-count charge against Basinger in connection with his representation of a Mr. and Mrs. Reinhardt in a case involving a lease/option agreement to purchase property located in the Cincinnati, Ohio, area. Basinger did not answer the charges. The case was then submitted to the Board as a default case pursuant to SCR 3.210(1). The Board entered its decision after a hearing on the matter on March 9, 2001. Neither party filed a notice of review within the thirty-day limit established by SCR 3.360(4). Basinger filed a motion for extension of time to file his notice of review, which we conditionally granted on May 17, 2001. However, Basinger failed to comply with this order; consequently, the motion was denied. We therefore adopt the decision of the Board of Governors pursuant to SCR 3.370(10) as follows.

In April of 1994, Basinger was hired by Mr. and Mrs. Reinhardt to help them re-

solve a conflict with the owners of property they were leasing. Basinger told the Reinhardts that he would file suit against the owners on the Reinhardts' behalf. Basinger also instructed the Reinhardts to make their monthly payments to him and informed them that he would hold the monthly payments in escrow until the dispute was resolved. Basinger did not file the lawsuit and he did not hold the monthly payments in escrow. Instead, he made the payments to the landowners without the Reinhardts' knowledge.

In December of 1996, the Reinhardts received a letter from the landowners' attorney stating that the landowners had not received rental payments for November and December. Basinger contacted the landowners, instead of the landowners' attorney, notifying them that he was holding the payments pending resolution of the dispute. The landowners' attorney made a settlement offer that Basinger accepted without consulting or notifying the Reinhardts. Basinger later released the settlement monies to the Reinhardts when the Reinhardts terminated Basinger as their counsel.

█ Basinger is charged with seven counts. On count one, the Board found that Basinger violated SCR 3.130–4.2 by making contact with represented parties he knew to be represented. On count two, the Board found that Basinger violated SCR 3.130–8.3(c) by settling the Reinhardts' claims without their knowledge and consent. On count three, the Board found that Basinger violated SCR 3.130–8.3(c) by misleading the Reinhardts into believing he had filed a lawsuit on their behalf and by misleading the Reinhardts into believing he had set up an escrow account into which he was placing the rent money. On count four, the Board found that Basinger violated SCR 3.130–1.3 for failing to act with reasonable diligence in representing

the Reinhardts, that Basinger violated SCR 3.130–1.4 for failing to keep his clients reasonably informed and for failing to explain matters so that the Reinhardts could make decisions about their case, and lastly that Basinger violated SCR 3.130–1.15(b) for failing to promptly release the settlement monies to the Reinhardts. On count five, the Board found that Basinger violated SCR 1.130–1.5(a) in an unrelated matter involving the Reinhardts' daughter by attempting to charge a contingency fee when he had indicated he would charge an hourly fee. On count six, the Board found that Basinger violated SCR 3.130–8.3(c) by attempting to charge a contingency fee when he was only entitled to an hourly fee. Finally, on count seven, the Board found that Basinger violated SCR 3.130–1.5(c) by failing to have a written contingency agreement. By a vote of 12 to 5, the Board of Governors voted to recommend a two-year suspension from the practice of law. We adopt the Board's findings and recommendation.

Upon the foregoing facts and charges, it is ordered that:

█ (1) Respondent, Stephen P. Basinger, is hereby suspended from the practice of law in the Commonwealth of Kentucky for a period of two years in connection with KBA File 7646, to run consecutively with the sixty-day suspension in connection with KBA File 7615, and to run consecutively with any and all current suspensions. The period of suspension shall continue until such time as Basinger is reinstated to the practice of law pursuant to SCR 3.510, or any controlling amendment to SCR 3.510.

(2) Pursuant to SCR 3.390, Basinger shall provide notice to any clients, if applicable, he currently represents of his inability to provide further legal services, to notify all courts in which he has matters pending of his suspension, and to provide

the Director of the Kentucky Bar Association with a copy of all such letters simultaneously to their mailing.

(3) In accordance with SCR 3.450 and SCR 3.480(3), Basinger is directed to pay all costs associated with these disciplinary proceedings against him, said sum being $961.40. Upon the finality of this opinion, an order of execution may issue from this Court for said costs.

All concur.

Entered: September 20, 2001.

/s/Joseph E. Lambert
CHIEF JUSTICE